**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DOMENIQUE A. CLARK,

     Plaintiff,

     v.                                           No. CIV 14-0229 JH/LAM

BERNALILLO COUNTY CORRECTIONS
OFFICERS RAMON RUSTIN,
SARGENT MONTOYA, SARGENT MCCAIN,
G. A. GARCIA, JEAN SANCHEZ,
SARGENT ALLEN, E. MONTERO, E. LOPEZ,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's claims arise from events that occurred in December, 2013.   The complaint alleges that Defendant Garcia unjustifiably sprayed mace in Plaintiff's eyes and hit and kicked him while Plaintiff was handcuffed.   Defendant McCain also sprayed ("fogged") him and struck him in the face.   Plaintiff was charged with assaulting an officer and taken to the segregation unit office, where Defendant Allen conducted a body-cavity search and tazed him.   Plaintiff was then placed, without disciplinary process, in a segregation cell with only a steel bed.   He was given almost no clothes and no mattress or blankets.   When he was released from segregation, he was again maced and was denied an asthma inhaler that had previously been prescribed.   Plaintiff was ultimately found innocent of the assault charge.   He alleges that his grievances and appeals were ignored or improperly denied.

Plaintiff's allegations do not support claims against Defendants other that Garcia, McCain, and Allen.   He makes no factual allegation against Defendant Rustin, and asserts that Defendant Lopez is one of a number of officers who "do not believe in operating . . . lawfully and enjoy bullying and intimidating inmates."   Defendant Sanchez was "trying to provoke a situation" by making a comment as Plaintiff arrived at the clinic, and Defendant Montero declined Plaintiff's request to identify the jail policy that authorizes the unconstitutional conduct alleged above. These allegations do not support a claim that Plaintiff was "incarcerated under conditions posing a substantial risk of serious harm."   *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994).   The general rule in the usual case is that mere words, without more, do not invade a federally protected right.   *See Williams v. Levansailor*, No. 98-4006, 1998 WL 426865, at **1 (10th Cir. 1998) (telling racial jokes, without more, not actionable); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (affirming dismissal of claims for "verbal harassment or abuse").   Plaintiff also alleges that

Defendant Montoya witnessed the incident that led to his segregation.   This "formulaic recitation that these defendants knew of his condition and were deliberately indifferent to it fails to demonstrate an affirmative link to the alleged constitutional violation."   *Conley v. McKune*, 529 F. App'x 914, 921 (10th Cir. 2013).   The Court will dismiss Plaintiff's claims against these Defendants.

Furthermore, Plaintiff does not identify the individual(s) who maced him at the end of his segregation and denied him an asthma inhaler.   His allegations that Defendants violated grievance and appeal procedures do not support a constitutional claim.   "We have held that '[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy "unavailable" and a court will excuse the prisoner's failure to exhaust.'   The . . . grievance process, however, 'is not a constitutional right.' "   *Myers v. Bureau of Prisons Mailroom*, 573 F. App'x 784, 785 (10th Cir. 2014) (internal citations omitted).   These claims will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims of being maced on December 28, 2013, denial of medical treatment, and violations of grievance procedures are DISMISSED; his claims against Defendants Rustin, Montoya, Sanchez, Montero, and Lopez are DISMISSED; Defendants Rustin, Montoya, Sanchez, Montero, and Lopez are DISMISSED as parties to this action; the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, to Defendants Garcia, McCain, and Allen; and Plaintiff's request for service (Doc. 3) is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE